Vincent E. Bauer
Law Offices of Vincent E. Bauer
425 Madison Avenue, 17th Floor
New York, NY 10017
Ph: (212) 575-1517

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
**RYAN MYERS,**

                Plaintiff,                                **COMPLAINT**

      -against-

**TAKE 3 TALENT AGENCY,**

                Defendant.
------------------------------------------------------------------X

      Plaintiff Ryan Myers ("Plaintiff"), by his attorneys, The Law Offices of Vincent E. Bauer, complaining of Take 3 Talent Agency ("Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid compensation, including minimum wage and overtime compensation, under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), to redress Defendant's retaliation against Plaintiff for seeking to be paid proper overtime compensation and for complaining about unlawful deductions from his pay, and for the failure by Defendant to provide Plaintiff with wage statements and wage notices required by law.

2. Plaintiff worked as an assistant to TV/Film Agent and President for Defendant.

3. At all times relevant to this Complaint, Plaintiff's work location was in New York County, New York.

4. Defendant required Plaintiff to work overtime hours on a regular basis, and did not pay him for those hours worked.

5. Defendant failed to provide Plaintiff with accurate wage statements or annual notices, as required by NYLL § 195(1) and (3).

6. Plaintiff also brings this action under the Wage Theft Protection Act, for Defendant's failure to provide written notice of wage rates in violation of said laws.

7. Plaintiff brings this action to recover unpaid wages, including overtime wages, and liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.* and the NYLL §§ 190 *et seq.*, including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and jurisdiction over Plaintiff's federal claim under the FLSA pursuant to 29 U.S.C. §216(b).

9. Supplemental jurisdiction over Plaintiff's' state law claims is conferred by 28 U.S.C. §1367(a).

10. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

**Plaintiff**

11. Plaintiff is an adult individual residing in New York County, NY.

12. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant**

13. Defendant is, upon information and belief, a New York corporation with a principal place of business located in New York County, New York. Upon information and belief, Defendant is engaged in interstate commerce, and generates annual revenues in excess of $500,000 per year for each year relevant to Plaintiff's claims.

## BACKGROUND

**Plaintiff's Work Schedule and Salary with Defendant**

14. Plaintiff worked for Defendant between July 18 and September 9, 2019. Plaintiff worked as an assistant to TV/Film Agent and President for Defendant.

15. Plaintiff's work duties required neither discretion nor independent judgment.

16. Plaintiff was paid at an annual rate of $32,500.

17. During the period of his employment, Plaintiff was required to work overtime hours on a periodic basis, as follows:

    Saturday, July 20: 2 hours of overtime
    Week starting July 22: 12 hours of overtime
    Week starting July 29: 9 total hours of overtime
    Week starting Aug 5: 7 hours of overtime
    Week starting Aug 19: 8 hours of overtime
    Week starting Aug 26: 8 hours of overtime
    Week start Sept 2: 8 hours of overtime

18. Plaintiff was not paid at all for any of the overtime hours he worked.

**Retaliation Against Plaintiff**

19. On September 6, Plaintiff complained to Defendant's principals that he was not being treated as an employee as it was agreed he would be. In that regard, Defendant paid Plaintiff as a 1099 independent contractor. In that same conversation, Plaintiff complained that unlawful deductions were being made from his salary. Specifically, Plaintiff complained that Defendant

had refused to reimburse him for legitimate business expenses, which effectively reduced his salary.

20. On or about September 6, 2019 Plaintiff complained to Defendant's principals about not being paid overtime for hours worked by him in excess of 40 per week. During that same conversation, Plaintiff complained about being treated as an independent contractor, and also about not being reimbursed for legitimate business expenses.

21. Thereafter, on September 9, 2019, Plaintiff's employment was terminated by Defendant. Said termination decision was made in retaliation for Plaintiff's complaints about not being paid for his overtime hours worked and complaints regarding unlawful deductions from his pay.

### Defendant's Violations of the Wage Theft Protection Act

22. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

23. Throughout the relevant time period, Defendant paid Plaintiff's wages without an accurate accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

24. Plaintiff was never given an accurate notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL section 191; the name of the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### FLSA Wage and Overtime Violations, 29 U.S.C. §§ 201, *et seq.*

25. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

26. At all relevant times throughout his employment, Defendant operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

27. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

28. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

29. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

30. Defendant failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

31. Defendant's failure to pay required overtime was willful.

32. As a result of Defendant's NY Labor Law violations, Plaintiff is entitled to recover from Defendant unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendant willfully failed to supply Plaintiff with accurate wage notices, as required by NYLL, Article 6, § 195(1), containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the Commissioner of Labor deems material and necessary.

35. Through its knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendant willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

36. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements

37. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendant willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable;

the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

39. Through its knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendant willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

40. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workweek that Defendant failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FIFTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of the FLSA § 215(a)(3))

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. 29 U.S.C. § 215(a)(3) makes it unlawful for an employer "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings under or related to this chapter [of the FLSA]."

43. Defendants violated the FLSA by terminating Plaintiff's employment after he complained that he had not been paid for overtime hours worked by him and complained about unlawful deductions from his paycheck.

44. As a direct and proximate consequence of Defendant's intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

45. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of NYLL § 215(1)(A)

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because (i) because such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

48. Defendant violated the NYLL by terminating Plaintiff's employment after he complained that he had not been paid for his overtime hours and had been subjected to unlawful deductions from his salary.

49. As a direct and proximate consequence of Defendant's intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

50. For the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to damages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendant as follows:

(a) Declaring that as to Plaintiff, Defendant has willfully violated the wage provisions and associated rules and regulations of the FLSA;

(b) Declaring that as to Plaintiff, Defendant has willfully violated the minimum wage and overtime wage provisions and associated rules and regulations of the NYLL;

(c) Damages for the unpaid minimum and overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(d) Damages for unpaid minimum and overtime wages due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(e) Penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(g) Awarding damages as a result of Defendant's failure to furnish a notice at the time of hiring pursuant to NYLL;

(h) Awarding Plaintiff pre-judgment and post-judgment interest, as applicable;

(i)  For his costs and disbursements of the action, including attorneys' fees; and

(j)  For such other further and different relief as the Court deems just and proper.

Dated:  December 11, 2019
        New York, New York

**THE LAW OFFICES OF VINCENT E. BAUER**

Respectfully submitted,

_____s/_____
Vincent Bauer
*Attorney for Plaintiff*