## NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between TAKE 3 TALENT AGENCY ("Defendant"), and RYAN MYERS on their own behalf and on behalf of their respective heirs, executors, administrators, successors and assigns, on the other hand ("Plaintiff"). Plaintiff and Defendant are hereinafter collectively referred to as the "Parties."

WHEREAS, Defendant and Plaintiff are parties to a lawsuit in the United States District Court for the Southern District of New York, entitled *Ryan Myers. v. Take 3 Talent Agency*, 19-cv-11318 (the "Civil Action");

WHEREAS the Parties to the Lawsuit wish to reach a compromise of the Civil Action;

WHEREAS, the Parties understand and agree that Defendant, and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this negotiated Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein and the full payment due from Defendant as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the claims and allegations in the Complaint or First Amended Complaint filed in the Civil Action; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1

1. a. In consideration for the total payment of SIXTEEN THOUSAND AND FOUR HUNDRED DOLLARS ($16,400.00) (the "Settlement Payment") as set forth in paragraph 2 herein, Plaintiff hereby releases, waives and forever discharges all claims against Defendant and its representatives, agents, managers, administrators, successors, assigns, attorneys, affiliates, subsidiaries, related entities, consultants, trustees, principals, officers, directors, employee, shareholders, parents, including, but not limited to TAKE 3 TALENT AGENCY, collectively "RELEASEES", for alleged unpaid overtime pay and minimum wages arising from the Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201 (FLSA) and for alleged unpaid overtime pay, minimum wages, spread of hours compensation, failure to provide wage notices, and failure to provide wage statements arising from the Plaintiff's claims under the New York Labor Law as well as section 650 et seq., including Part 142, section 142-2.2 and section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), and the Wage Theft Prevention Act, NYLL § 195.1, NYLL § 195 et. seq., from the beginning of the world to the day and date Plaintiffs sign this Agreement up to and including the date of the complete execution of this Agreement. To the extent that any such claims against Defendants might be encompassed within or by a pending or future class action, representative action, or collective action, Plaintiff will affirmatively "opt out" of or otherwise not elect to participate in that action and will not directly or indirectly seek nor accept any recovery therein.

b. In consideration of Plaintiff's release of claims against it, Defendant releases, waives and forever discharges all claims against Plaintiff from the beginning of the world up to and including the date of complete execution of this Agreement.

2. The Settlement Payment shall be delivered to the offices of Plaintiff's counsel, and paid as follows:

 a. Within 10 days of the Court approving this Agreement, Defendant shall pay Plaintiff the following sums:

  i. A check made payable to "Ryan Myers" in the amount of $6,000, less applicable withholding, in full satisfaction of all claims Mr. Myers may have for back wages and other claims under the referenced statutes in paragraph 1 above.

  ii. A check made payable to "Ryan Myers" in the amount of $6,000, in full satisfaction of all claims Mr. Myers may have for liquidated damages and/or statutory penalties under the referenced statutes in paragraph 1 above. An IRS Form 1099 will be issued to Mr. Myers with respect to this amount after the end of the calendar year in which this check is paid.

  iii. A check made payable to Law Offices of Vincent E. Bauer in the amount of $4,400, representing all attorney's fees and costs incurred in the matter. Prior to being issued, Plaintiff's counsel will provide Defendant with firm tax documents necessary to effectuate payment of attorneys' fees and costs set forth in this subsection.

2

      iv. Of the Settlement Payment, Plaintiff shall receive a total of $$12,000 and counsel for the Plaintiff shall receive a total of $$4,400, $400 of which represents expenses.

   b. Within 7 days after receipt of full payment in good funds as set forth in (a), above, then Counsel for the Plaintiff shall take all steps necessary to dismiss the action with prejudice.

3. Prior to payment being issued, Plaintiff will provide Defendant with his social security taxpayer identification number and address. Plaintiff shall be responsible to pay all employee responsible portions of any federal, state and local taxes in connection with that portion of the Settlement Payment which was received by him. Defendant shall be responsible to pay all employer portions of any federal, state and local taxes in connection with this settlement. In the event any governmental agency seeks payment of employee-responsible portions of taxes related to the funds identified in Paragraphs 2.a.ii. and 2.a.iv. from Defendant, Plaintiff will indemnify and reimburse Defendant for any payments actually made by Defendant related to the employee's share of taxes only; such indemnification shall not include any amounts other than employees' share of taxes (for example, it shall not include any costs or fees incurred by Defendant).

4. In the event that any check issued by Defendant pursuant to Paragraph 2 is not delivered by the specified date, all monies thereafter due and payable under this Settlement Agreement shall be paid within five (5) business days of notice of the default. Any such notice of default must be in writing and sent by email to Defendants' counsel, Steven Ross, Ross & Asmar LLC, at steven@rossasmar.com. In the event that Defendant fails to cure the default within five (5) business days of the date of receipt of the notice of default, Plaintiff shall be entitled to so inform the court and to resume the Civil Action.

5. Plaintiff admits and acknowledges that he: (i) has had an opportunity to consult with an attorney and determine whether this settlement is reasonable and fully satisfies their claims against Defendant; (ii) has been paid and received all bonuses, payments, commissions, severance and benefits to which they may be entitled from Defendant and that no leave (paid or unpaid) or other compensation is due to them as a result of the settlement of the Civil Action; (iii) understands that the consideration set forth in paragraphs 1 and 2 of this Agreement shall not be considered wages for purposes of pension or any other employment-related benefits; and (iv) understands he is not entitled to any other compensation, monies, relief or recovery whatsoever, except as set forth in paragraph 1 and 2 of this Agreement.

6. The Parties acknowledge that Defendant does not admit that they have done anything wrong or treated Plaintiff unlawfully, and the Defendant specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any duty or obligation that they may owe or may have owed to the Plaintiff.

7. Plaintiff shall promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement. Upon judicial approval, and the subsequent payment of the Settlement Payment, Plaintiff agrees to take all steps necessary to obtain dismissal of the Civil Action against Defendant with prejudice.

NM
2-6-20

8. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraphs 1 and 2, is a fair and reasonable resolution to this *bona fide* dispute.

9. Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

10. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

11. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

12. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

13. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

14. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

15. This Agreement shall become effective upon its execution by all Parties. However, if the Court in this Civil Action refuses to approve this Agreement, the parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the parties are unable to do so, this Agreement shall become void and unenforceable.

16. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

17. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

18. This Agreement supersedes all prior agreements or understandings of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes,

4

*NM 2-6-20*

causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof

19. Plaintiff states that their attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

IN WITNESS WHEREOF, Plaintiffs and Defendant have duly executed this Agreement & Release.

Plaintiff:

RYAN MYERS

Defendant:

TAKE 3 TALENT AGENCY

By: _____
Name: Natasha Matonhana
Title: CEO

5