# LAW OFFICES OF VINCENT E. BAUER

**425 Madison Avenue, 17th floor**  
**New York, NY 10017**

Tel: 212-575-1517  
vbauer@vbauerlaw.com

Vincent E. Bauer  
Barbara Meister Cummins

VIA ECF

February 18, 2020



Hon. Katherine Polk Failla  
United States District Judge  
Thurgood Marshall  
United States Courthouse  
40 Foley Square  
New York, NY 10007

Subject: Myers v. Take3 Talent Agency, 1:19-cv-11318-KPF

Dear Judge Polk Failla:

    The Plaintiff in this action, along with Defendant, jointly request that your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is filed herewith.

    Plaintiff sued for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq. and the New York Labor Law ("NYLL"), for failure to provide wage statements and wage notices, and for the retaliatory termination of his employment. Defendant claims that Plaintiffs at all times was paid all the amounts that he was due, and that its actions fully complied with federal and state law.

    There were a number of contested issues in this case. Plaintiff was paid a set weekly amount. Plaintiff claims that he was required to work additional hours over and above the agreed-upon hours per week, and not compensated therefor. According to Plaintiff, he is owed overtime wages for 54 hours of overtime worked by him during his short tenure at Defendant. Defendant maintains that Plaintiff was paid a set amount for all hours worked per week by Plaintiff, and therefore that Plaintiff is owed nothing.

    There is also a significant factual dispute concerning the number of hours actually worked by him for which Plaintiff was unpaid. No punch clock or company records were kept regarding that issue.

There is also a dispute concerning Plaintiff's claim that he was terminated for opposing violations of the wage and hour laws by Defendants.  In that regard, Defendant has presented informally documentation which reflects problems with Plaintiff's work performance which pre-dated Plaintiff's opposition to Defendant's pay practices.

Plaintiff believes that, if he were to prevail on his claims, inclusive of notice damages and liquidated damages but not including damages relating to his retaliation claim, the total award amount would be approximately $9,000, $8000 of which relate to the notice violations, and approximately $1000 to unpaid overtime and liquidated damages on same.

The settlement agreement provides that Plaintiff will receive a total of $16,400 to settle his wage and hour claims (minus applicable taxes and withholdings), and that that amount will be allocated as follows: Plaintiff will receive a total of $12,000 and (2) Plaintiff's counsel will receive $4,400 (including $400 in filing fees). The foregoing settlement was reached  after  protracted settlement discussions.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes*."* *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id.  (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair.  Although Plaintiff's recollections of his hours worked are sufficient to prove the hours that he worked, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), his recollection is not binding on the fact finder.  Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some  discount factor to his claimed hours.

The settlement provides, with certainty, that Plaintiff will receive all of his alleged unpaid wages. If Defendant's strongest defenses are given credence, Plaintiff would recover no overtime damages. Given the sharp divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome, and the limited documentary evidence available, this range of recovery is reasonable. The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Given the conflicting evidence, the quality of the evidence and counsel and the  allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues.

We also believe that the amount of the settlement monies payable to Plaintiff's counsel is reasonable.  In that regard, I have expended 9.3 hours in connection with this action. An itemized list of time charges is submitted herewith. Applying my usual $500 per hour fee rate to that total would result in fees of $4,450.   Accordingly, the parties jointly request approval of the

settlement agreement. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

s/

Vincent E. Bauer

The Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, *see, e.g., Cheeks* v. *Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.  It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorney representing Plaintiff.

Accordingly, the settlement is approved, and the Court ORDERS that the case be dismissed with prejudice.  The Clerk of Court is directed to terminate all pending motions, adjourn any remaining dates, and close this case.  As Defendant has not appeared in this action, Plaintiff is ORDERED to transmit a copy of this Order to Defendant.

Dated:     March 11, 2020            SO ORDERED.
           New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE